# EXHIBIT "1"

## In the Superior Court of the State of Arizona
## In and For the County of Maricopa

**Plaintiff's Attorney:**

J. Scott Halverson

Bar Number: 010629, issuing State: AZ

Law Firm: LAW OFFICES OF J. SCOTT HALVERSON PC

1761 E. Mcnair Drive, Suite 103

Tempe, AZ 85282

Telephone Number: (480)777-7776

Email address: scott@halversonfirm.com

**CV2020-096047**

**Plaintiff:**

Krish Singh

**Defendants:**

CITY OF PHOENIX, a municipality

Brittany Smith-Petersen

Annie Batway

John Doe Smith-Petersen

John Doe Batway

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle

Case Subcategory: Intentional Tort

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
11/5/2020 1:39:59 PM
Filing ID 12189197

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
1761 E. McNair Drive, Suite 103
Tempe, Arizona 85283
Telephone (480) 777-7776
Facsimile (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| KRISH SINGH, | No. **CV2020-096047** |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | (TORT NON-MOTOR VEHICLE) |
| CITY OF PHOENIX, a municipality; OFFICER BRITTANY SMITH-PETERSEN (Badge No. 10529) and JOHN DOE SMITH-PETERSEN, wife and husband; OFFICER ANNIE BATWAY (Badge No. 9656) and JOHN DOE BATWAY, wife and husband; JOHN and JANE DOES 1-X; | Tier 3 |
| Defendants. | |

For his Complaint against the Defendants, Plaintiff alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.     At all times relevant hereto, Plaintiff resided in Maricopa County, Arizona.

2.     At all times relevant to this Complaint, Defendant City of Phoenix ("City") was a municipality organized within the State of Arizona.

3.     At all times relevant to this Complaint, OFFICER BRITTANY SMITH-PETERSEN (Badge #10529), ("Officer Smith-Petersen") was a police officer with the City of Phoenix Police Department, acting within the course and scope of her employment.

4.     At all times relevant to this Complaint, OFFICER ANNIE BATWAY (Badge #9656), ("Officer Batway") was a police officer with the City of Phoenix Police Department, acting within the course and scope of her employment.

5.       Defendant John Doe Smith-Petersen is a fictitious name for the spouse of Defendant Officer Brittany Smith-Petersen and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

6.       Defendant John Doe Batway is a fictitious name for the spouse of Defendant Officer Annie Batway and Plaintiff will amend the Complaint when her/his true and correct name is ascertained.

7.       The events giving rise to this Complaint occurred in Maricopa County, Arizona.

8.       This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

9.       Plaintiff estimates that the value of his damages should exceed $300,000 and that this matter is sufficiently complex to qualify as a "Tier" 3 case, pursuant to Rule 26.2(d)(1), *Arizona Rules of Civil Procedure*.

## FACTS

10.      On November 11, 2019, Defendant Officers Smith-Petersen and Batway responded to a call reporting that a person with a knife had attempted to rob an individual at a bus stop.

11.      The Officers drove to the location of the report and confronted Plaintiff Krish Singh in a Home Depot parking located at 4848 N. 43rd Avenue in Phoenix, Maricopa County, Arizona.

12.      While the Officers pointed their guns at Plaintiff, he held knife to his throat and asked them to shoot him.

13.      Plaintiff told the Officers that he was crazy.

14.      Plaintiff never made any furtive movement, harrowing gesture, or verbal threat to the Defendant Officers, nor did he point his knife in the direction of the Officers.

15.      Neither of the Defendant Officers attempted any de-escalation or "crisis intervention" techniques or methods, that typically are taught to all police officers in their respective training academies, for example:

2

a.   Slow down and elongate the encounter with the suspect;

b.   Establish a relationship and rapport with the suspect, by asking his name, introducing themselves by name, explaining why they were called, asking open-ended questions, or offering options, etc.;

c.   Communicate empathy to the suspect by explaining that they were there to help him and reassuring him that he is safe, etc.; and

d.   Speak in a calm demeanor and avoid yelling—officers are taught that if they take a less authoritative, less controlling, less confrontational approach, they actually will have more control.

16.   The Defendant Officers chose not to back up, as Plaintiff slowly moved toward them, in order to maintain a safe distance between themselves and Plaintiff, which would have allowed them to feel safe from any potential risk of harm.

17.   The Defendant Officers stood near a police car, but chose not to take cover behind the police car or otherwise use the police car as a barrier between themselves and Plaintiff, which would have allowed them to feel safe from any potential risk of harm.

18.   The Defendant Officers chose not to call for assistance from other officers who had been trained in "crisis intervention" techniques and methods to specifically handle confrontations with individuals who are suffering from drug impairment or mental health issues.

19.   Moments after the encounter began, Officer Smith-Petersen shot Plaintiff in the abdomen/pelvic region, without first warning him by announcing her intention to shoot him.

20.   Both Officer Smith-Petersen and Officer Batway were acting under color of law and within the course and scope of their employment with the City of Phoenix during their involvement in the above-described incident.

21.   The Defendant Officers' acts and omissions were done for the benefit and furtherance of their respective marital communities.

3

## COUNT ONE —ASSAULT AND BATTERY

22.　Plaintiff incorporates all previous allegations in this Complaint.

23.　By intentionally shooting Plaintiff, Officer Smith-Petersen touched Plaintiff in a harmful and offensive manner.

24.　Officer Smith-Petersen's use of deadly force against Plaintiff constitutes an assault and battery, pursuant to common law.

25.　Plaintiff did not make any furtive movement, harrowing gesture, or verbal threat to the Defendant Officers, nor did he point his knife in the direction of the Officers, so Officer Smith-Petersen's use of deadly force was unnecessary and unreasonable.

26.　Officer Smith-Petersen was not justified in shooting Plaintiff, pursuant to *A.R.S.* § 13-405 (A), because Plaintiff did not present an immediate threat of harm to either Officer.

27.　Officer Smith-Petersen's shooting of Plaintiff exceeded the minimal amount of force reasonably necessary to accomplish a lawful purpose, so her use of deadly force also was not justified under *A.R.S.* § 13-3881(B).

28.　Defendant City is vicariously liable for the actions of its agent, Officer Smith-Petersen, pursuant to the principle of *Respondeat Superior.*

29.　Officer Smith-Petersen's use of deadly force directly and proximately caused Plaintiff to suffer general and special damages, in amounts to be determined by a jury, including: physical injuries, medical expenses, pain, suffering, disfigurement, disability, impairment of quality of life, diminished earning capacity, psychological trauma and emotional anguish.

## COUNT TWO — NEGLIGENCE AND GROSS NEGLIGENCE

30.　Plaintiff incorporates all previous allegations in this Complaint.

31.　All law enforcement personnel are required to act in conformance with recognized law enforcement standards of care, which include proper police department policies and proper training. Specific standards of care apply to circumstances in which

4

1  police officers interact with individuals who act irrationally, due to mental health
2  conditions or mental impairment caused by drugs or alcohol.

3       32.    It was apparent to the Defendant Officers (or should have been apparent to
4  properly trained officers) that Plaintiff was acting irrationally when he threatened to cut
5  his own throat with a knife and asked the Defendant Officers to shoot him. Moreover,
6  Plaintiff even told the Officers that he was crazy.

7       **A.    De-Escalation Techniques and Methods Not Utilized**

8       33.    Under the circumstances summarized above, law enforcement standards
9  require officers to utilize proper de-escalation and "crisis intervention" techniques and
10  methods (some of which are summarized in ¶ 13 above) to avoid harming irrational
11  individuals, such as Plaintiff.

12      34.    In the present case, neither Officer Smith-Petersen nor Officer Batway,
13  utilized proper de-escalation or "crisis intervention" techniques or methods.

14      35.    Presumably, the Defendant Officers' decision not to utilize de-escalation
15  techniques and methods also violated their department's own policies and the Officers'
16  respective training regarding interaction with irrational individuals, which can be
17  considered standards of care, as well.

18      36.    The Defendant Officers' decision to disregard these law enforcement
19  standards, their department's policies, and their respective training, constitutes a breach of
20  the standards of care for law enforcement officers.

21      **B.    Defendant Officers Did Not Maintain a Safe Distance or Use**
22          **Police Car as a Barrier**

23      37.    Under these circumstances summarized above, law enforcement standards
24  require that officers maintain a safe distance between themselves and Plaintiff by backing
25  up and/or utilizing the police car as a barrier, so that the officers will feel more safe and
26  recognize that there is no need to use force.

27      38.    In the present case, Defendant Officers did not back up as Plaintiff slowly
28  moved toward them, nor did the the Officers utilize the police car as a barrier between
   themselves and Plaintiff.

39.    The Defendant Officers' decision not to back up or use the car as a barrier violated law enforcement standards of care under the existing circumstances.

40.    Presumably, the Defendant Officers' decision not to back up or use the car as a barrier also violated their department's own policies and the Officers' respective training regarding interaction with irrational individuals, which may be considered as standards of care.

41.    The Defendant Officers' decision to act in a manner which disregarded law enforcement standards, their department's policies, and their respective training, constitutes a breach of the standards of care for law enforcement officers.

## C.   Defendant Officer Smith-Peterson Shot Plaintiff Without First Warning Him of Her Intention to Shoot

42.    Law enforcement standards require officers to announce their intention to use deadly force before they fire their gun at a person, so the person has fair warning to change their behavior in order to avoid being shot.

43.    In the present case, Defendant Officer Smith-Peterson did not announce her intention to fire her gun before she shot Plaintiff.

44.    Presumably, Defendant Officer Smith-Peterson's decision to shoot Plaintiff without first announcing her intention to use deadly force also violated their department's own policies and the Officer's training, which also may be considered as standards of care.

45.    Officer Smith-Peterson's decision to act in a manner which disregarded law enforcement standards, her department's policies, and her training, constitutes a breach of the standards of care for law enforcement officers.

## D.   GROSS NEGLIGENCE STANDARDS

46.    The Officers' respective breaches of their standards of care, as described above, constitute "gross negligence:"

> Gross, willful, or wanton conduct is action or inaction with reckless indifference to the result or the rights or safety of others. A person is recklessly indifferent if he or she knows, or a reasonable person in his or her position ought to know: (1) that his action or inaction creates an unreasonable risk of

6

harm; and (2) the risk is so great that it is highly probable that harm will result.

*Williams v. Thude*, 180 Ariz. 531, 539, 885 P.2d 1096, 1104 (App.1994), aff'd, 188 Ariz. 257, 934 P.2d 1349 (1997). "Gross negligence" also includes conscious disregard of the law or the rights of others. *Noriega v. Town of Miami*, 243 Ariz. 321, 328, ¶¶ 35-36, 407 P.3d 92, 100 (App. 2017).

47.    The Defendant Officers consciously disregarded *A.R.S.* § 13-405 (A) by choosing a course of conduct which escalated the tension and dangerous nature of the circumstances presented to them, instead of utilizing de-escalation techniques and methods which they had been trained to employ and which would have conformed to proper law enforcement standards.

48.    By not utilizing the de-escalation techniques and methods, as prescribed by law enforcement standards of care, the Defendant Officers acted with reckless disregard of the Plaintiff's rights and safety.

49.    By not utilizing the police car as a barrier and not calling for CIT trained officers, the Defendant Officers acted with reckless disregard of the Plaintiff's rights and safety.

50.    By not warning Plaintiff of her intention to shoot him, Defendant Officer Smith-Petersen acted with reckless disregard of the Plaintiff's rights and safety.

51.    The Defendant Officers' respective breaches of these standards of care (as summarized above), prior to Defendant Officer Smith-Petersen's shooting of Plaintiff, caused (or contributed to) the circumstances which culminated in Officer Smith-Petersen's shooting of Plaintiff.

52.    Defendant City is liable for the actions of its agents, the two Defendant Officers, pursuant to the principle of *Respondeat Superior.*

53.    The Defendant Officers' breaches of their respective duties of care, as described above, directly and proximately caused Plaintiff to suffer general and special damages, in amounts to be determined by a jury, including: physical injuries, medical

7

1  expenses, pain, suffering, disfigurement, disability, impairment of quality of life,
2  diminished earning capacity, psychological trauma and emotional anguish.

### COUNT THREE—NEGLIGENT HIRING,
### TRAINING, SUPERVISION AND RETENTION

5  54.    Plaintiff incorporates all previous allegations in this Complaint.

6  55.    Defendant City negligently hired, trained, supervised and/or retained the
7  Defendant Officers by:

8      a.    Implementing, maintaining and tolerating policies, practices and
9            customs which contributed to the illegal and negligent actions of
10           the Officers, as summarized above;

11     b.    Hiring the Officers without reasonably investigating or adequately
12           determining their propensity for the type of improper conduct
13           which they committed against Plaintiff, as summarized above;

14     c.    Failing to adequately train or supervise the Officers, which
15           contributed to their illegal and negligent actions, as summarized
16           above;

17     d.    Failing to adequately discipline, demote and/or terminate the
18           Officers for any improper conduct prior to the incident at issue,
19           which contributed to their illegal and negligent actions, as
20           summarized above;

21  56.    Defendant City's negligent hiring, training, supervising and/or retaining of
22  the Defendant Officers resulted in the Officers' respective illegal and negligent conduct,
23  which caused, or contributed to, Plaintiff's general and special damages, in amounts to be
24  determined by a jury, including:  physical injuries, medical expenses, pain, suffering,
25  disfigurement, disability, impairment of quality of life, diminished earning capacity,
26  psychological trauma and emotional anguish.

27
28

8

## COUNT FOUR—CIVIL RIGHTS VIOLATION

57.    Plaintiff incorporates all previous allegations in this Complaint.

58.    Defendant Officer Smith-Petersen's intentional use of excessive and unreasonable force against Plaintiff violated Plaintiff's Fourth Amendment rights to be free from unreasonable use of force, as well as Plaintiff's federal civil rights, as codified in 42 *U.S.C.* § 1983.

59.    Defendant Officer Smith-Petersen's violation of Plaintiff's rights under the *United States Constitution* and 42 *U.S.C.* § 1983 proximately caused Plaintiff to suffer extensive damages.

60.    Defendant Officer Smith-Petersen's intentional use of excessive and unreasonable force against Plaintiff was committed in reckless disregard of Plaintiff's constitutional rights, so punitive damages are warranted and should be determined by a jury to deter and prevent others from acting in a similar manner in the future.

## CONCLUSION

WHEREFORE, Plaintiff requests judgment against the Defendants, as follows:

A.    For general damages and losses already incurred, and to be incurred in the future, in amounts reasonable and proper in the premises;

B.    For medical expenses and other economic losses incurred by Plaintiff in an amount to be proven at trial;

D.    For Plaintiff's costs;

E.    For attorney's fees, expert fees, and other costs, pursuant to 42 *U.S.C.* § 1988.

F.    For such additional relief as the Court may deem just and proper in the premises.

9

DATED this 5th day of November, 2020.

LAW OFFICES OF J. SCOTT HALVERSON, P.C.

By: / s /   *J. Scott Halverson*
                    J. SCOTT HALVERSON
                    Attorney for Plaintiff

10

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
11/5/2020 1:39:59 PM
Filing ID 12189799

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Menair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Krish Singh<br>Plaintiff(s),<br><br>v.<br><br>CITY OF PHOENIX, a municipality, et<br>al.<br>Defendant(s). | Case No.  CV2020-096047<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: J. Scott Halverson /s/
      Plaintiff/Attorney for Plaintiff

AZTurboCourt.gov Form Set #5723019

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Mcnair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Krish Singh<br>Plaintiff(s),<br>v.<br>CITY OF PHOENIX, a municipality, et al.<br>Defendant(s). | Case No. **CV2020-096047**<br><br>**SUMMONS** |

To: Annie Batway

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *November 05, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5129019

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Mcnair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Krish Singh<br>Plaintiff(s),<br>v.<br>CITY OF PHOENIX, a municipality, et al.<br>Defendant(s). | Case No. **CV2020-096047**<br><br>**SUMMONS** |

To: Brittany Smith-Petersen

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *November 05, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Mcnair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Krish Singh
Plaintiff(s),
v.
CITY OF PHOENIX, a municipality, et al.
Defendant(s).

Case No. **CV2020-096047**

**SUMMONS**

To: CITY OF PHOENIX, a municipality

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *November 05, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Mcnair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Krish Singh
Plaintiff(s),
v.
CITY OF PHOENIX, a municipality, et al.
Defendant(s).

Case No.  **CV2020-096047**

**SUMMONS**

To: John Doe Batway

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *November 05, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5120019

Person/Attorney Filing: J. Scott Halverson
Mailing Address: 1761 E. Mcnair Drive, Suite 103
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (480)777-7776
E-Mail Address: scott@halversonfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010629, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Krish Singh
Plaintiff(s),
v.
CITY OF PHOENIX, a municipality, et
al.
Defendant(s).

Case No. **CV2020-096047**

**SUMMONS**

To: John Doe Smith-Petersen

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *November 05, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #4
NIGHT DEPOSITORY

20 NOV 16   AM 9: 36

FILED
BY K. MARQUEZ, DEP



J.Scott Halverson
J. Scott Halverson, P.C.
1761 E. McNair
Suite 103
Tempe, AZ 85283
(480) 777-7776
Bar No. 10629

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Krish Singh,**

                      Plaintiff,

        vs.

**City of Phoenix, a municipality; et al.,**

                      Defendant.

Case Number: CV2020-096047

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 10th day of November, 2020 at 1:33 pm to be served on **City Of Phoenix c/o City Clerks Office, 200 W Washington St, 15th Floor, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **13th day of November, 2020 at 12:08 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Matt Martin** as **Special Deputy Clerk Stated Authorized To Accept** at the address of: **200 W Washington St, 15th Floor, Phoenix, AZ**, who stated they are authorized to accept service for **City Of Phoenix**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

## <u>AFFIDAVIT OF SERVICE For CV2020-096047</u>

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Anthony Verdugo
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 6253**
**Glendale, AZ 85312**
**(602) 266-5577**

Subscribed and Sworn to before me on the 14th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Our Job Serial Number: STW-2020000609
Ref: Krish Singh

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

J.Scott Halverson
J. Scott Halverson, P.C.
1761 E. McNair
Suite 103
Tempe, AZ 85283
(480) 777-7776
Bar No. 10629

CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

2020 DEC -1  AM 9: 43

**FILED**
**BY P. KAVANAGH, DEP**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Krish Singh,

                      Plaintiff,

vs.

City of Phoenix, a municipality; et al.,

                      Defendant.

Case Number: CV2020-096047

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 10th day of November, 2020 at 7:38 pm to be served on **John Doe Smith-Petersen, 6180 W Encanto Blvd, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **30th day of November, 2020 at 3:43 pm, I**:

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Officer Brittany Smith-Petersen, Badge 10529** as **Wife** at the address of: **6180 W Encanto Blvd, Phoenix, AZ**, who stated they are authorized to accept service for **John Doe Smith-Petersen**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Notary Fee | $8.00 |
| Total | $23.00 |

## AFFIDAVIT OF SERVICE For CV2020-096047

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 6253**
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2020000686
Ref: Krish Singh

Subscribed and Sworn to before me on the 30th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

J.Scott Halverson
J. Scott Halverson, P.C.
1761 E. McNair
Suite 103
Tempe, AZ 85283
(480) 777-7776
Bar No. 10629

CLERK OF THE
SUPERIOR COURT
RECEIVED HE LOBBY
DOCUMENT DEPOSITORY

2020 DEC -1 AM 9: 43

FILED
BY P. KAVANAGH, DEP

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

**Krish Singh,**

                                  Plaintiff,

              vs.

**City of Phoenix, a municipality; et al.,**

                                  Defendant.

Case Number: CV2020-096047

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 10th day of November, 2020 at 1:33 pm to be served on **Officer Brittany Smith-Petersen, Badge 10529, 6180 W Encanto Blvd, Phoenix, AZ.**

I, Anthony Verdugo, being duly sworn, depose and say that on the **30th day of November, 2020** at **3:43 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Officer Brittany Smith-Petersen, Badge 10529** at the address of: **6180 W Encanto Blvd, Phoenix, AZ,** and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**
| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $124.00 |
| Notary Fee | $8.00 |
| Waiting Time | $110.00 |
| Total | $257.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

_Anthony Verdugo_

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 6253**
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2020000611
Ref: Krish Singh

Subscribed and Sworn to before me on the 30th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

J.Scott Halverson
J. Scott Halverson, P.C.
1761 E. McNair
Suite 103
Tempe, AZ 85283
(480) 777-7776
Bar No. 10629


CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

2020 DEC 16 AM 10: 30

**FILED**
BY P. KAVANAGH, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**Krish Singh,**

                          Plaintiff,

          vs.

**City of Phoenix, a municipality; et al.,**

                          Defendant.

Case Number: CV2020-096047

**AFFIDAVIT OF NON-SERVICE**

Received by Southwest Delivery Solutions Inc. on the 10th day of November, 2020 at 1:33 pm to be served on **Officer Annie & John Doe Batway, Badge 9656, 6180 W Encanto Blvd, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **7th day of December, 2020 at 2:45 pm, I:**

**NON-SERVED** the **Summons, Complaint & Certificate of Compulsory Arbitration** for the reason that I failed to find **Officer Annie & John Doe Batway, Badge 9656** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
12/1/2020  2:45 pm  Attempted Address: 2111 S 99th Ave Tolleson, AZ: doors locked called from call button no answer left message, no response back waited until 3:31pm
12/4/2020  3:00 pm  Attempted Address: 2111 S 99th Ave Tolleson, AZ: doors locked called from call button no answer
12/7/2020  2:45 pm  Attempted Address: 2111 S 99th Ave Tolleson, AZ: doors locked called from call button no answer, waited until 3:15pm still no answer

**Service Fee Items:**
| | |
|---|---|
| Mileage | $116.00 |
| Notary Fee | $8.00 |
| Waiting Time | $75.00 |
| Total | $199.00 |

## AFFIDAVIT OF NON-SERVICE For CV2020-096047

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 15th day of December, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 6253**
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2020000610
Ref: Krish Singh

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

1  J. Scott Halverson, SBN 10629
   **LAW OFFICES OF J. SCOTT HALVERSON, P.C.**
2  1761 E. McNair Drive, Suite 103
   Tempe, Arizona  85283
3  Telephone (480) 777-7776
   Facsimile  (602) 357-7444
4  Email: scott@halversonfirm.com

5  Attorney for Plaintiff

6              IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

7                  IN AND FOR THE COUNTY OF MARICOPA

8

9  KRISH SINGH,                              No.  CV2020-096047

10         Plaintiff,
                                             **ACCEPTANCE OF SERVICE**
11 vs.

12 CITY OF PHOENIX, et al.,

13         Defendants.

14

15

16         Derek Graffious, attorney for Defendant Officer Annie Batway in the above-captioned

17 matter, hereby accepts service of a true copy of the Summons, Complaint and Certificate of

18 Arbitration pursuant to Rule 4(f), Ariz. R. Civ. P.,  in the above matter as though served

19 personally upon Defendant Officer Annie Batway within the State of Arizona, without

20 waiving any or all defenses this Defendant may have.

21         DATED this 17th  day of December, 2020.

22

23                           **JONES SKELTON & HOCHULI PLC**

24                           By: _Derek Graffious_____

25                               Derek Graffious
                                 Attorney for Defendants

26 ORIGINAL of the foregoing
   e-filed this 4th day of ~~December, 2020~~ January, 2021.
27

28 By: / s /    S. Cole, paralegal_____