**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Krish Singh,

      Plaintiff,

v.

City of Phoenix, *et al.*,

      Defendants.

No. CV-21-00099-PHX-JJT

**ORDER**

Qualified immunity is an oft-litigated issue in excessive force claims arising under 42 U.S.C. § 1983. This case is no exception. On November 11, 2019, Plaintiff was shot during an interaction he had with police officers Smith-Petersen and Batway. Plaintiff survived his injuries and sued the officers and the City of Phoenix on three state-law claims and, as relevant here, one federal law claim against Officer Smith-Petersen for excessive force under § 1983. (Doc. 1-3 ¶¶ 22–60.) Defendants eventually moved for summary judgment (Docs. 52–53), arguing *inter alia* that the § 1983 claim failed because Officer Smith-Petersen was entitled to qualified immunity. The Court considered various Ninth Circuit cases that, according to Plaintiff, would have clearly put Officer Smith-Petersen on notice that her conduct violated Plaintiff's Fourth Amendment right against excessive force and, if so, would have meant that she was *not* entitled to qualified immunity. The Court ultimately disagreed with Plaintiff and found that qualified immunity applied. (Order at 18–19 (internal quotation marks and citation omitted).) The Court entered partial summary

judgment in favor of Defendants only as to Plaintiff's § 1983 claim against Officer Smith-Petersen and remanded the remaining state law claims to the state court. (Doc. 73 at 20.)

Plaintiff appealed, and the Ninth Circuit held that its earlier decision in *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011) "put Smith-Petersen on notice that her use of deadly force plausibly violated Plaintiff's Fourth Amendment right to be free of excessive force." *Singh v. City of Phoenix*, 124 F.4th 746, 750 (9th Cir. 2024) (*See* Doc. 82). The Ninth Circuit issued its mandate on February 12, 2025 that "reverse[d] the district court's grant of summary judgment to Defendant Smith-Petersen with respect to Plaintiff's § 1983 claim, reverse[d] the dismissal of the state-law claims, and remand[ed] for further proceedings on the § 1983 claim and for reconsideration of whether to exercise supplemental jurisdiction over the state-law claims" *Id*. (*See* Doc. 82).

Upon remand, this Court dismissed two of Plaintiff's state-law claims and permitted one state-law claim and the § 1983 claim to proceed to trial. (*See* Doc. 90.) Pre-trial efforts commenced but were soon halted by the surfacing of new evidence regarding Plaintiff's medical damages (*see* Doc. 104), and the Court allowed the parties to narrowly reopen discovery on that issue (Doc. 110). Pursuant to the new discovery schedule, the Court ordered that all discovery be completed by January 29, 2027, and dispositive motions be filed by February 26, 2027. (*Id*.)

Meanwhile, Defendants moved the Court to reconsider "the denial of their Motion for Summary judgment based on the United States Supreme Court's decision" in *Zorn v. Linton*, 146 S. Ct. 926 (2026). (Doc. 106 at 1.) But, as Plaintiff notes in response, this Court entered summary judgment in favor of Defendants on the issue of qualified immunity. (*See* Doc. 112 at 2; *see also* Doc. 73 (Order granting partial summary judgment).) It was the Ninth Circuit, not this Court, whose decision adversely affected Defendants when it reversed this Court's holding. Accordingly, the Court construes Defendants' motion as one urging it to reconsider the Ninth Circuit's February 12, 2025 mandate (Doc. 82).

Under the Rule of Mandate, "[a] district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing

it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). "But while the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it leaves to the district court any issue not expressly or impliedly disposed of on appeal." *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (citation omitted). In other words, a mandate does not "shut the courthouse doors" as to matters raised before the district court not decided earlier by the appellate court. *Id*.

Here, the Ninth Circuit considered the issue of qualified immunity, disagreed with this Court's holding, reversed that holding, and remanded the matter to this Court to proceed accordingly. The mandate is clear, and the Court will not disturb it.

While the Court lacks authority to reconsider the Ninth Circuit's mandate, it is not foreclosed from considering new summary judgment motions based on intervening Supreme Court authority that took place *after* the mandate issued. Having already re-opened discovery and reauthorized dispositive motion practice as to new evidence of Plaintiff's damages, it is appropriate to extend to the parties a chance to raise arguments pertaining to intervening legal authority on the discrete issue of qualified immunity and the § 1983 claim. Should either party find it appropriate to do so, they may raise those arguments in dispositive briefing pursuant to the applicable scheduling order (Doc. 110).

**IT IS ORDERED** denying Defendants' Motion for Reconsideration (Doc. 106.)

Dated this 25th day of June, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -